JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

NATALIE K. WIGHT (ORSBN 35576)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, CA 94102
    Telephone: 415.436.6937
    Facsimile: 415.436.7234
    Email: natalie.wight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>                 Plaintiff, <br>    v. <br> APPROXIMATELY $40,000 IN UNITED STATES CURRENCY, <br>                 Defendant. <br><br> LLOYD WATSON, <br>                 Claimant. | No. C 09-CV-1262-SBA <br><br> SETTLEMENT AGREEMENT AND ORDER |

The parties stipulate and agree as follows:

    1.    Plaintiff is the United States of America ("United States"). Defendant is $40,000 in United States Currency ("Defendant $40,000"). After proper notification and publication was given, the only person who filed a timely Claim in this action was the claimant Lloyd Watson. As a result, only claimant Watson has a right to defend Defendant $40,000. The United States and claimant Watson are hereafter referred to as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

2.      After full and open discussion, the parties agree to resolve any and all claims against Defendant $40,000, as well as against any and all past and present officials, employees and agents of the United States, including those at the United States Department of Justice, arising out of the seizure of Defendant $40,000 and the facts alleged in the Complaint for Forfeiture filed in this lawsuit on or about March 24, 2009.

3.      The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued protracted litigation and District Court adjudication.

4.      The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

5.      The parties agree that claimant Watson releases and discharges the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the seizure of Defendant $40,000 and the allegations in plaintiff's Complaint for Forfeiture, filed on March 24, 2009.

6.      Claimant Lloyd Watson does not contest that the United States has sufficient evidence to support the forfeiture of Defendant $40,000. However, in order to resolve this case without the expense of further litigation, the parties have agreed that $34,000 (plus accrued interest) shall be forfeited to the United States and that the remaining $6,000 (plus accrued interest) shall be returned to claimant Lloyd Watson, by check made payable to claimant Watson and his attorney, Ean Vizzi, and delivered to his attorney, Ean Vizzi, at 506 Broadway Avenue, San Francisco, California, 94133.

1  Such payment shall be in full settlement and satisfaction of any and all claims by Lloyd Watson,
2  his heirs, representatives and assignees to the Defendant $40,000.
3       7.     Claimant Watson shall hold harmless the United States, including its agents,
4  officers, representatives and employees, as well as any and all state and local law enforcement
5  officials, for any and all acts directly or indirectly related to the seizure of Defendant $40,000,
6  the facts alleged in the Complaint for Forfeiture and the forfeiture of $34,000 of defendant
7  $40,000.
8       8. The United States and Claimant Watson agree that each party shall pay their own
9  attorneys' fees and costs.
10      9.     Based on the foregoing, the parties agree that the Court shall dismiss this action
11 and enter the government's Proposed Judgment for Forfeiture.

IT IS SO STIPULATED:                    JOSEPH P. RUSSONIELLO
                                        United States Attorney

Dated: ____ day of _____, 2009
                                        _____
                                        NATALIE K. WIGHT
                                        Special Assistant United States Attorney

Dated: ____ day of _____, 2009
                                        _____
                                        EAN VIZZI
                                        Attorney for Claimant Lloyd Watson

Dated: ____ day of _____, 2009
                                        _____
                                        LLOYD WATSON
                                        Claimant

       BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON
THIS 6th DAY OF July, 2009.

                                        _____
                                        HONORABLE SAUNDRA B. ARMSTRONG
                                        United States District Judge

Settlement Agreement
No. 09-CV-1262-SBA                 3